UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PAMELA DENISE SINGLETON,**

        **Plaintiff,**

**v.**                                                   **Case No:  6:12-cv-683-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**MEMORANDUM OF DECISION**

Pamela Denise Singleton (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits.  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to provide a function-by-function analysis of her residual functional capacity ("RFC"); 2) posing a hypothetical question to the Vocational Expert ("VE") that did not adequately define her limitations; and 3) finding her testimony concerning her pain and limitations not credible.  Doc. No. 19 at 6-12.  For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.**      **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II. ANALYSIS.

### A. RFC.

Claimant argues that the ALJ erred by failing to conduct a function-by-function analysis as required by Social Security Ruling 96-8p. Doc. No. 19 at 6. Specifically, Claimant argues that the ALJ's RFC determination that she can "sit, stand and walk throughout the workday" contravenes the dictates of Social Security Ruling 96-8p, as it does not adequately define her ability to sit, stand, and walk. Doc. No. 19 at 7. Conversely, the Commissioner argues that the ALJ's RFC determination does not contravene Social Security Ruling 96-8p. Doc. No. 20 at 13-15. Further, the Commissioner argues that even if the ALJ did not comply with Social Security Ruling 96-8p, any resulting error is harmless. Doc. No. 20 at 15.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(e). A claimant's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations secondary to his or her established impairments. RFC is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his or her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The focus of this assessment is the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id*. If a claimant can still do the kind of work he or she has done in the past, then the regulations require that the claimant be found not disabled. 20 C.F.R. § 404.1520(f). The claimant bears the burden of showing that he or she can no longer perform his or her past relevant work. *Jackson v. Bowen*, 801 F.2d 1291, 1292 (11th Cir. 1986). The responsibility for determining a claimant's RFC rests solely with the ALJ. 20 C.F.R. § 404.1513(b)(6) (the lack of a medical source statement stating what the claimant can still do despite her impairments will not make a medical report incomplete); 20 C.F.R. § 404.1527(e)(2).[1] In evaluating a claimant's RFC, the ALJ is obliged to consider all of the claimant's impairments, including subjective symptoms such as pain.

The record contains two physical RFC assessments. R. 327-9, 334-41. On April 26, 2010, Dr. Nitin Hate, a non-treating examining physician, offered the following opinion with respect to Claimant's ability to work: "Any physical activity may actually be helpful in weight reduction and eventually control of diabetes as well as hypertension. She will probably have to start gradually." R. 329. On July 8, 2010, Dr. Robert Kelly, a non-examining consultative

---

[1] "We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments ..., your [RFC] ..., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2).

physician, opined, via the use of a check box form, that Claimant could stand and/or walk for "about 6 hours in an 8-hour work day." R. 335. Dr. Kelly also opined that Claimant could sit for "about 6 hours in an 8-hour work day." R. 335.

At step four, the ALJ concluded that Claimant has an RFC "to perform a wide range of light work," and, in relevant part, can "sit, stand and walk throughout the workday[.]" R. 16.[2] Claimant argues that the ALJ's RFC determination that she can "sit, stand, and walk throughout the workday" contravenes the dictates of Social Security Ruling 96-8p, as it does not adequately define her ability to sit, stand, and walk. Doc. No. 19 at 7. In so arguing, Claimant implicitly argues that the ALJ should have indicated how long she could sit, stand, and walk in an eight (8) hour workday. *See* Doc. No. 19 at 7.

The Court finds that the ALJ completed a proper function-by-function analysis. Social Security Ruling 96-8p provides, in relevant part, as follows:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis …. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96-8p, 1996 WL 374184 at *1 (July 2, 1996). Here, the ALJ considered Claimant's functional limitations as they relate to her ability to sit, stand, and walk, finding that Claimant can "sit, stand and walk throughout the workday[.]" R. 16-20. These findings, which Claimant

---

[2] In a footnote, Claimant indicates that while "it appears that [the ALJ] meant to state that the claimant should avoid concentrated levels of dusts [sic], fumes or gases" that conclusion "is not entirely clear from the decision." Doc. No. 19 at 9-10. The Commissioner concedes that the ALJ misstated Claimant's RFC with respect to her ability to work in environments with concentrated levels of dust, fumes, odors or gases, but argues that the error is harmless. Doc. No. 20 at 14 (citing *Diorio v. Heckler*, 721 F.2d 726 (11th Cir. 1983)). Indeed, review of the ALJ's decision reveals that the ALJ found that "[d]ue to the claimant's history of asthma, she would need to avoid fumes, odors, gases, and poor ventilation." R. 20. The Court finds, and Claimant does not argue to the contrary, that the outcome of this matter would not change if the ALJ had not misstated Claimant's ability to work in environments with concentrated levels of dust, fumes, odors or gases. Accordingly, the ALJ's misstatement is harmless. *See Torres v. Astrue*, Case No. 1:11-CV-24 (WLS), 2012 WL 621707 at *2 (M.D. Ga. Feb. 2, 2012) ("harmless error doctrine essentially dictates that if remand for the correction of an error would not change the outcome ... such error is deemed harmless.").

does not challenge, are supported by substantial evidence the ALJ relied on in her opinion, namely, the medical record and the opinions offered by Dr. Hate and Dr. Kelly. *See* R. 16-20, 276-418. Further, while a more definite statement concerning the duration Claimant can sit, stand, and walk would be helpful, the lack thereof is not fatal to the ALJ's RFC determination. *See Barringer v. Colvin*, 2013 WL 4496326 *10 (M.D. Ala. Aug. 21, 2013) (finding no law requiring the ALJ to "precisely identify in numerical values exactly how far a claimant can walk, [or] how long he can stand"); *see also Fisher v. Bowen*, 869 F.2d 1055, 2068 (7th Cir. 1989) ("No principal of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is some reason to believe that the remand might led to a different result."). Here, the ALJ's determination that Claimant can "sit, stand and walk throughout the workday" must be read in conjunction with her determination that Claimant is capable of performing a "wide range of light work[.]" Light work "requires a good deal of walking or standing[.]" 20 C.F.R. § 404.1567(b). A "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251 *6 (1983). Although the ALJ determined that Claimant is capable of performing a wide range of light work, as opposed to a full range, it is apparent that this slightly lesser range is not the result of Claimant's ability to sit, stand, or walk. *See* R. 16-20. As such, the ALJ's RFC determination, when read in its entirety, indicates that Claimant can stand or walk for a total of approximately six (6) hours of an eight (8) hour workday, and sit intermittently during the remaining time. Accordingly, the Court finds that the ALJ completed a proper function-by-function analysis, which is supported by substantial evidence.

### B. Hypothetical to VE.

Claimant argues that the ALJ's indication that she can sit, stand, and walk throughout the workday did not provide the VE with sufficient information to determine whether she could perform her past relevant work. Doc. No. 19 at 8-9. As a result, Claimant contends that the ALJ's determination that she can perform her past relevant work is not supported by substantial evidence. Doc. No. 19 at 10. Conversely, the Commissioner maintains that the ALJ's determination concerning Claimant's ability to perform her past relevant work was not premised on the VE's response to the ALJ's hypothetical, but instead was "primarily" based on the Dictionary of Occupational Titles ("DOT"). Doc. No. 20 at 17. As a result, the Commissioner argues that the ALJ's determination that Claimant can perform her past relevant work is supported by substantial evidence. Doc. No. 20 at 17-18.

After the ALJ has determined the claimant's RFC, the ALJ must determine whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). To support a conclusion that the claimant is able to perform his or her past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of his or her impairments. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). Although VE testimony is not required in determining whether a claimant can perform his or her past relevant work, *see Id*. at 1573 n.2, the regulations provide that "the services of vocational experts or vocational specialists" may be used in making this determination because such an expert "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." *Hennes v. Comm'r of Soc. Sec.*, 130 F. App'x 343, 346 (11th Cir. 2005) (quoting 20 C.F.R. § 404.1560(b)(2)). In order for

a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which is accurate and includes all of a claimant's limitations. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).

At step four, the ALJ relied on the testimony of a VE to determine whether Claimant could perform her past relevant work. R. 20-1. With respect to Claimant's past relevant work, the VE testified as follows:

> During the period under study, the claimant worked as a retail sales clerk. The DOT number is 279.357-054. It's considered light exertionally and semi-skilled, with an SVP of 3. She worked as a maid in a hotel/motel situation. The DOT number is 323.687-014. It is light exertionally, unskilled, with an SVP of 2. She worked as what would be called a prep cooks [sic]. She was working, I think, as a cook in a convenience situation, a convenience store. Anyway, the DOT number is 317.687-010. It's medium exertionally and unskilled, with an SVP of 2.
>
> She worked as a night auditor at a motel. The DOT number is 210.382-054. It is considered sedentary exertionally and … skilled, with an SVP of 5. She worked as a cashier. The DOT number is 211.462-010. It's considered light exertionally and unskilled, with an SVP of 2. And, finally, she worked as a telemarketer, and the DOT number is 299.357-014. It is considered sedentary exertionally and semi-skilled, with an SVP of 3.

R. 47. Thereafter, the ALJ posed a hypothetical in which the individual could "sit, stand or walk throughout the workday[.]" R. 47. Ultimately, after the ALJ had conveyed all of the limitations present in her RFC determination, the VE testified that the individual could perform work as a night auditor and maid. R. 48. The ALJ subsequently relied on the VE's testimony in determining that the Claimant could perform her past relevant work as a night auditor and maid. *See* R. 20-1.

The success of Claimant's argument here is contingent upon the success of her previous argument above. As discussed above, the ALJ completed a proper function-by-function analysis,

which adequately defined Claimant's ability to sit, stand, and walk. Accordingly, Claimant's argument must fail. Notwithstanding this fact, there is no evidence that the VE, Claimant, or Claimant's representative was confused by the ALJ's indication that the hypothetical individual could "sit, stand or walk throughout the workday[.]" R. 47-9. In fact, the VE's response to the hypothetical strongly suggests otherwise, as the VE testified that an individual who, among other things, can "sit, stand or walk throughout the work day" is capable of working as a night auditor and maid, which are classified as sedentary and light work, respectively. *See* R. 47-8.[3] Accordingly, the Court finds that the VE's testimony provided substantial evidence that Claimant could perform her past relevant work as a night auditor and maid.

**C. Credibility.**

Claimant argues that the ALJ's credibility determination is not supported by substantial evidence. Doc. No. 19 at 10-12. Specifically, Claimant argues that the ALJ erroneously based her credibility determination solely on Claimant's ability to perform routine daily activities. Doc. No. 19 at 11 (citing *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)). Conversely, the Commissioner argues that the ALJ's credibility determination is supported by substantial evidence, as it premised on more than Claimant's ability to perform routine daily activities. Doc. No. 20 at 11-13.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising

---

[3] Claimant also seemingly argues, without citation to any authority, that the ALJ's failure to indicate that the hypothetical individual was limited to light work negatively impacted the weight of the VE's testimony. *See* Doc. No. 19 at 9. However, the VE's response to the ALJ's hypothetical undermines this argument, as his response limited the hypothetical individual to positions classified as sedentary and light work. *See* R. 47-8.

from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[4] Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id*. at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Id*.

---

[4] Social Security Ruling 96–7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." *Id*.

Although the ALJ found that Claimant's impairments could reasonably be expected to cause her alleged symptoms, the ALJ concluded that Claimant's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not credible. R. 19. In support of her credibility determination, the ALJ stated the following:

> The claimant's subjective complaints and symptoms, including her allegations of pain and limitations have been carefully compared to the other reports, testimony and the medical evidence. The claimant's testimony and other reports show that she lives a fully functional lifestyle, which is consistent with the medical evidence. The claimant is able to take care of her personal needs. The claimant cooks, does the laundry and light housekeeping. She is able to take public transportation and go to the grocery store. A report in Exhibit 6E shows she prepares breakfast including bacon, eggs, toast or grits. She is able to cook a full meal at dinner of vegetables and a meat. She takes her laundry to a facility. Her husband reported (Exhibit 7E) that the claimant also enjoys surfing the net. She is able to pay her bills on-line. There are no significant reports of side effects from medications. In fact, her antidepressants have improved her mood. Activities and reports such as these are inconsistent with her allegations of incapacitating limitations or pain. This is not to minimize the medical impairments demonstrated in the record. The claimant does have impairments that limit her activities with heavy lifting. However, the clinical findings result from these impairments does not appear of producing pain or limitations of incapacitating proportions. Accordingly, the [ALJ] finds that the claimant's allegations and subjective symptoms beyond what could be expected considering the objective laboratory and clinical findings[.]

R. 19. The foregoing excerpt reveals that the ALJ's credibility determination was premised on more than Claimant's ability to perform routine daily tasks. *See* R. 19. Specifically, the ALJ provides four reasons in support of her credibility determination: 1) Claimant's ability to perform routine daily activities; 2) no significant reports of side effects caused by Claimant's medication; 3) improvement of Claimant's mood as a result of her antidepressants; and 4) inconsistency between Claimant's subjective symptoms and the objective medical evidence. R. 19. Claimant does not challenge any of the foregoing reasons cited by the ALJ in support of her credibility

determination. *See* Doc. No. 19 at 10-12. The Court finds that the ALJ articulated good cause for discrediting Claimant's testimony and that her reasons are supported by substantial evidence. *See Foote*, 67 F.3d at 1561-62 (reviewing court will not disturb credibility finding with sufficient evidentiary support).

### III. **CONCLUSION.**

For the reasons stated above, it is hereby **ORDERED** that the Commissioner's final decision is **AFFIRMED,** and the Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Deborah A. Arnold

Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801